[Cite as *State v. Wilson*, 2017-Ohio-7127.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-028** |
| WILLIE L. WILSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2016 CR 000649.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Willie L. Wilson, appeals the length of the sentence on his conviction for the illegal conveyance of a drug of abuse. He asserts that, in weighing the sentencing factors, the trial court wrongly considered irrelevant facts. We affirm.

{¶2} In May 2016, appellant and a group of his acquaintances schemed to pool their funds to buy a significant amount of illegal drugs. Appellant was to drive to

Pennsylvania to make the purchase in return for a portion of the drugs for personal use.

{¶3} The plan was for appellant was to purchase heroin, but he ultimately bought 21.270 grams of fentanyl. Before leaving on his return to Ohio, he put the fentanyl down the back of his pants.

{¶4} While driving through Ashtabula County, Ohio, appellant was stopped by an Ohio state highway patrolman for erratic driving. During his initial conversation with the patrolman, appellant admitted to operating his car without a valid driver's license. The patrolman had appellant exit his car, and a quick pat down for weapons was conducted near the front of the vehicle. The patrolman felt a large lump near appellant's lower torso and asked him what he was trying to conceal. Appellant responded that he did not have anything in his pants.

{¶5} After placing appellant under investigative detention, the patrolman learned from dispatch that appellant had an outstanding warrant for his arrest on a pending misdemeanor. The patrolman, therefore, performed a complete search of appellant's person, again feeling a large object in the back of his pants. The patrolman then warned him that in light of the arrest warrant, he was going to be taken to the Lake County Jail, and that he would be charged with an additional criminal offense if he tried to take any illegal drugs into the jail. Appellant again denied that he was concealing any drugs.

{¶6} Upon arriving at the county jail, a jail supervisor also warned appellant that he would be subject to a separate criminal charge if any illegal drugs were found on his person after he entered the facility. Again, appellant denied he had anything to hide. During an intake strip search, a deputy sheriff found the fentanyl in appellant's underwear.

{¶7} After preliminary proceedings before a local municipal court, appellant was indicted on one count of aggravated possession of drugs, a third-degree felony under R.C. 2925.11, and one count of illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, a third-degree felony under R.C. 2921.36(A). Each count carried a forfeiture specification regarding the fentanyl.

{¶8} Appellant pleaded guilty to the illegal conveyance count and accompanying specification. The possession count was dismissed. The trial court accepted the plea and ordered a presentencing report and a drug/alcohol evaluation.

{¶9} During the sentencing hearing, defense counsel noted that appellant had been accepted into a drug treatment program at a lockdown facility; as a result, counsel requested that he be placed on community control. In addressing the trial court directly, appellant admitted that he had a long history of taking drugs, but that he usually limited himself to marijuana and ecstasy, and only used heroin on one occasion. In response, the trial court noted appellant's significant criminal record. The court also referenced a prior incident, not involving appellant, in which someone smuggled heroin into the Lake County Jail after a weekend furlough, and three other people died from taking the drug.

{¶10} The trial court sentenced appellant to a thirty-six month prison term. Appellant appeals asserting:

{¶11} "The trial court erred by sentencing the defendant-appellant to a maximum, thirty-six month prison term."

{¶12} In maintaining that a shorter prison term should have been imposed, appellant argues that the trial court did not properly weigh the sentencing factors pertaining to the seriousness of his offense and the likelihood he will commit future offenses. First, he contends that the court accorded weight to a point that was

3

inapplicable to the facts of his case. Second, he claims the court did not give adequate weight to the fact that he was seeking help for his drug addiction and that he was willing to provide evidence to the state regarding the other persons involved in the purchase of the fentanyl.

{¶13} R.C. 2953.08(G)(2) sets forth our standard of review:

{¶14} "The court hearing an appeal under division (A), (B), or (C) of the section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶15} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincing finds either of the following:

{¶16} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶17} "(b) That the sentence is otherwise contrary to law."

{¶18} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶13. When a sentence is imposed solely after the consideration of the factors in

4

R.C. 2929.11 and 2929.12, appellate courts 'may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.' *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶23." *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14.

{¶19} Appellant was convicted of illegal conveyance of a drug of abuse onto the grounds of a specified government facility, pursuant to R.C. 2921.36(A)(2), a third-degree felony. R.C. 2921.36(G)(2). A potential prison term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months can be imposed. R.C. 2929.14(A)(3)(b). Appellant's sentence is therefore within the statutory range.

{¶20} Furthermore, prior to imposing the sentence, the trial court considered the purposes and principles of felony sentencing, as delineated in R.C. 2929.11, and the statutory factors for determining seriousness of the offense and recidivism, as stated in R.C. 2929.12. During the sentencing hearing and in its sentencing judgment, the court specifically referenced the two statutes. In addition, the court discussed some of the R.C. 2929.12 sentencing factors in stating its reasoning during the hearing. Therefore, since the imposition of the thirty-six month prison term is not contrary to law, we turn to whether there is clear and convincing evidence that the record does not support the sentence.

{¶21} Appellant first asserts that the court based his sentence in part upon an incident not relevant to sentencing in referencing the time in which another inmate smuggled heroin into the county jail after returning from a weekend furlough, and sold the drugs to other inmates resulting in three deaths.

{¶22} It is undisputed that appellant's original intent in buying the fentanyl was to

5

take it back to his acquaintances in Akron, not smuggle it into the county jail. However, prior to entering the jail, appellant was warned on multiple occasions that taking contraband into the county jail constitutes a separate criminal offense. Despite this, his denial continued. The prior incident was therefore relevant to the seriousness of the crime, justifying consideration by the trial court.

{¶23} Appellant further asserts the trial court failed to properly weigh that he was already accepted into a drug treatment program and offered to cooperate with the state in disclosing his accomplices.

{¶24} While the foregoing weighs in appellant's favor, there is more to the story. In addition to his current conviction, appellant has had twelve separate convictions during a fourteen-year period, including two for domestic violence and one for cocaine trafficking. Moreover, in serving two years of community control on the trafficking charge, he was twice found guilty of probation violations, one of which led to an escape conviction and a six-month prison term.

{¶25} Appellant has failed to show that his sentence is clearly and convincingly not supported.

{¶26} Appellant's sole assignment is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.