[Cite as *State v. Payne*, 2018-Ohio-3740.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2017-L-157**<br>**2017-L-158** |
| JEREMY A. PAYNE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2017 CR 000140 and 2017 CR 000998.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Pamela D. Kurt,* Kurt Law Office, LLC, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jeremy A. Payne, appeals from the judgment on sentence of the Lake County Court of Common Pleas. We affirm.

{¶2} In Case No. 17-CR-000140, appellant was indicted on the following counts: count one, theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(3); count two, obstructing official business, a felony of the fifth degree, in violation of R.C.

2921.31; and count three, possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. Pleas of not guilty were entered on his behalf.

{¶3} On September 22, 2017, appellant withdrew his not guilty pleas and entered pleas of guilty to counts one and two. Count three was dismissed at the state's request. On the same date, in Case No. 17-CR-000998, appellant waived his right to have the matter presented to the grand jury and pleaded guilty, by way of information, to one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(3). Sentencing was deferred on both cases and a presentence investigation report was ordered.

{¶4} After a hearing, appellant was ordered to serve a term of nine-months imprisonment on each of the three counts. The court further ordered the prison terms to be served consecutively, for a total of 27 months in prison. This appeal follows.

{¶5} Appellant asserts the following as his sole assignment of error:

{¶6} "The appellant was denied due process by a sentence contrary to Ohio law and the state and federal constitutions including unnecessary and unwarranted prison terms to be served consecutively."

{¶7} An appellate court generally reviews felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which states.

{¶8} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶9} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate

2

court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶10} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶11} (b) That the sentence is otherwise contrary to law.

{¶12} Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶13} The Ohio Supreme Court has held that R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42; *State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶75. "Rather, in sentencing a defendant for a felony, a court is merely required to consider the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors in R.C. 2929.12." *Macko*, *supra*, citing *Foster, supra.*

{¶14} Further, the Ohio Revised Code provides, in relevant part, as follows regarding consecutive felony sentences:

{¶15} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

3

**{¶16}** (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶17}** (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶18}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

**{¶19}** Under his assigned error, appellant claims the trial court erred in sentencing him to three, nine-month terms consecutively. He maintains the trial court did not engage in a sufficient and complete analysis required by statute. He further contends the trial court improperly placed too much weight on his prior convictions, failed prior treatment, and the court-appointed psychologist's assessment, which indicated appellant had no diagnosable mental issues. Moreover, appellant asserts the trial court failed to give adequate weight to his exhortations that he was amenable to community control sanctions and rehabilitative programs. We do not agree.

**{¶20}** After considering defense counsel's as well as appellant's positions at the sentencing hearing, the trial court made the following determinations:

**{¶21}** Well, I've considered the purposes and principles of felony sentencing, those being set forth in Revised Code Section 2929.11. I've also considered all relevant factors, including but not limited to those set forth in 2929.12 and 2929.13 of the code.

**{¶22}** I've also considered the complete record in this case, which does include the presentence report and recommendations of the Adult Probation Department, and also includes the drug and alcohol evaluation report and the opinions, not so much the

4

recommendations of the Court psychologist. He didn't have enough information to give us a recommendation. I've also considered all statements made and all recommendations made here in open Court today.

{¶23} With respect to the 2929.12 factors that would indicate the more seriousness of the crime, there was economic harm and loss that was suffered by both victims in both cases, although the property was recovered by Sears, there was a period of time when there was economic harm and loss.

{¶24} I've also considered the fact that there were co-Defendants involved in both cases, thereby making organized criminal activity, again factors that tend to make the crimes more serious than normal.

{¶25} A less serious factor considered, the Defendant did not cause physical harm to any person or property with respect to person as to both cases. [Sic.]

{¶26} With respect to recidivism being more likely, that is the greater likelihood that Mr. Payne will commit crimes in the future, I have considered the fact that he was on post release control and post release control supervision when the crimes were committed.

{¶27} I've also considered his lengthy history of criminal convictions as an adult. They're all set forth in specific detail in the presentence report, but summarizing 33 misdemeanor convictions, 30 felony convictions, a total of 63 convictions over the past 20 years, including 44 for theft offenses.

{¶28} The Defendant has not responded favorably on many occasions when being directed to do so by various Courts. [Sic.] The record does reflect probation violations two in 1998; one in 1999; in 2009; one in 2011; and one in 2014.

{¶29} The Defendant does have a substance abuse issue, heroin, cocaine, marijuana seem to be the drug[s] of choice.

{¶30} I've also considered the prior determinations of PTSD and bipolar disorder, even though [they] could not be confirmed by Dr. Rindsberg as noted earlier.

{¶31} I've also considered the fact that there have been numerous sentences to prison terms, 18 times as indicated in the presentence report, 18 times where he's been sentenced to prison. Several of

those sentences were run concurrent with each other for a total number of prison numbers of ten times in prison. [Sic.] The most recent having been sentenced in 2015 into 2017.

{¶32} In terms of recidivism being less likely, there is no known juvenile delinquency adjudication history. And the Defendant did voluntarily enter pleas of guilty to all three of these crimes in two cases and did accept responsibility for his criminal conduct.

{¶33} Taking everything into consideration, however, I'm of the opinion that Mr. Payne is not amenable to community control or any available community control sanctions, and that a prison term is consistent with the purposes and principles of felony sentencing. As a result, I'm going to order him to the Lorain Correctional Institution to serve a definite term of nine months with respect to Count 1 in 17CR 140, 9 months on Count 2 in 17CR 140, those being theft and obstructing official business counts. And also 9 months in case 17CR 998, in Count 1, that's the theft conviction in that case. Those three 9 month prison terms will be consecutive to each other for a total prison term of 27 months. And there will be 80 days of credit given to in the 17CR 140 case, and it's my understanding that there are no days of credit in the 17 998 case.

{¶34} The Court does find that these consecutive sentences as to the two in the 140 case and then adding the third count in 998, all three of those consecutive sentences are necessary to protect the public from future crimes that may be committed by this Defendant, as well as to punish this Defendant. Also, the Court finds consecutive sentences are not disproportionate to the seriousness of the crimes, and to the danger that he poses to the general public. The Court also finds that the Defendant was on post release control at the time the crimes were committed, another justification for consecutive sentences. Also the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes committed by this Defendant.

{¶35} The trial court considered all the relevant statutory factors and made the proper findings to support the imposition of consecutive sentences. The facts upon which the trial court supported its 27-month sentencing order include a significant criminal history, substance abuse problems, and appellant's previous, repeated inability to respond favorably to probation or community control. Prior to the foregoing recitation,

6

the trial court discussed these issues on record with both defense counsel and appellant. At no point did either object to or refute any of these points. Appellant emphasized he had been previously diagnosed with PTSD and bipolar disorder; that he did not have any issues with alcohol; and that his recent, near-death heroin overdose had given him a new and more healthy perspective how to live his life. The trial court considered these factors; nevertheless, the trial court found that they did not militate in favor of community control and/or residential treatment. In light of the facts presented to the trial court, we hold the trial court did not err in sentencing appellant to three consecutive nine-month terms of imprisonment for the crimes to which he pleaded.

{¶36} Appellant's assignment of error lacks merit.

{¶37} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.