[Cite as *State v. Shriver*, 2019-Ohio-840.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                                    :        **O P I N I O N**

          Plaintiff-Appellee,          :

    - vs -                                        :        **CASE NO.  2018-L-085**

MARKUS A. SHRIVER,                          :

          Defendant-Appellant.        :


Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2018 CR 000300.

Judgment: Modified and affirmed as modified.


*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa Ann Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Markus A. Shriver, appeals from the May 25, 2018 judgment entry of the Lake County Court of Common Pleas, finding appellant to be a Tier II Sex Offender and sentencing him to 10 years in prison.  At issue on appeal is whether the findings made by the trial court in support of the sentence are supported by the record.  The judgment is modified and affirmed as modified.

{¶2} Appellant was charged with having unlawful sexual contact with two female minors under the age of 13. The victims are members of appellant's extended family. On April 10, 2018, he pled guilty by way of information to two counts of Gross Sexual Imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4). The matter was referred to the adult probation department for a presentence investigation and report, drug and alcohol evaluation, psychiatric evaluation, sexual offender report, and victim impact statements.

{¶3} A sentencing hearing was held May 23, 2018. Appellant was classified a Tier II Sex Offender Registrant and sentenced to the maximum possible prison sentence: 60 months on each count, to be served consecutively, for a total of 120 months, or 10 years. The trial court also ordered appellant to have no contact with the victims.

{¶4} Appellant appeals his sentence and raises one assignment of error:

{¶5} "The trial court erred by sentencing the defendant-appellant to a maximum and consecutive ten-year prison term."

{¶6} An appellate court generally reviews felony sentences under the standard of review set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or

(C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23 (citation omitted).

{¶7}    A court imposing a felony sentence is required to consider the seriousness and recidivism factors found in R.C. 2929.12 to ensure the sentence complies with the overriding principles of felony sentencing provided in R.C. 2929.11. The Ohio Supreme Court has held that R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42; *State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶75. Further, "[a] trial court is not required to give any particular weight or emphasis to a given set of circumstances"; a court is merely required to "consider" the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23; *Foster, supra*, at ¶42.

{¶8}    "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution

3

to the victim of the offense, the public, or both." *Id.* For a violation of R.C. 2907.05(A)(4), of which appellant was convicted, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1).

{¶9} Under his sole assignment of error, appellant asserts the trial court erred in sentencing him to a 10-year prison term because its R.C. 2929.12 findings are not supported by the record. He contends the trial court ignored or discounted his psychological disorders, which were being treated through counseling, as a mitigating factor that made his behavior less serious. He further maintains the trial court failed to give adequate weight to his amenability to rehabilitation and factors indicating a lower risk of recidivism.

{¶10} At sentencing, the trial court considered statements made by defense counsel, the prosecution, and family of the victims, as well as letters written in support of appellant and the court-ordered reports and evaluations. The trial court then made the following determinations:

> Now I've considered the seriousness and recidivism factors in 2929.12(B) through (E), obviously this, the injuries, physical and mental caused to [the victims] exacerbated by their age and the [bare] minimum 9 to 11 and 7 to 9 and I find that they both suffered psychological harm in their victim impact statements and the statements that their parents indicates them [sic]. You used your position as their older cousin, older cousin [sic] to facilitate this offense. So those are all seriousness factors that I find make this conduct more serious.
>
> I don't find any that make it less serious.
>
> The recidivism factors, you don't have a record, other than what you told me about this petty theft in Columbus you don't have any record. So there is nothing indicating recidivism is more likely. I should [sic] I take that back, I mean I guess a relevant factor is you don't know

4

why you did, you tell me you don't know why you did this and you've got all these indicators that seem to tell me that you can't stop doing it, okay. So I don't know how to, I don't know how to put somebody in a position of rehabilitation that doesn't know what the problem is.

There is a lot of alarming factors that come out in [Dr.] Rindsberg's report and quite frankly as I view things I don't know how, I don't know how you properly rehabilitate sex offenders * * *. I don't have the slightest idea what works in situations like this and so as [the prosecutor] stated there is a presumption that prison is the appropriate sentence. That presumption has not been overcome so I'm going to find you're not amenable to community control and I'm going to impose what I believe is the appropriate sentence in this case that punishes you and deters others from such activity utilizing all those factors that are set forth in the Revised Code.

{¶11} As is evident, the trial court considered the statutory factors and made findings in support of appellant's 10-year sentence. The trial court gave great weight to the age of the victims and the psychological harm they suffered; appellant's position of trust as an older family member, which facilitated the offenses; and the findings in the psychologist's evaluation and sex offender report, including the conclusion that his risk of recidivism is moderate. The trial court did not mention appellant's diagnosis of adjustment disorder with mixed anxiety and depressed mood or the clinical impressions of pedophilic disorder and sexual masochism. It is apparent, however, that the trial court did not believe appellant's mental health issues were so significant that they mitigated the need to punish him and deter others from similar behavior by imposing the maximum sentence.

{¶12} In its judgment entry of sentence, the trial court stated it had "considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under 2929.12."

5

Specifically, the court stated it "considered the factors under Revised Code Section 2929.[12](B) and finds that the victims' injuries were exacerbated by the victims' age; the victims' suffered psychological harm; the Defendant held a position of trust in the family; the Defendant's relationship with the victims facilitated the offenses; the Defendant has no history of adult convictions; and the Defendant was not forthcoming with the Adult Probation Department."

{¶13} The presentence report indicates appellant's sexual contact with the two minor victims has been ongoing for many years, although he was only charged for the contact that occurred since he turned 18 years old; the victims have suffered psychological harm; and appellant is concerned with his ability to control his sexual behavior. We conclude appellant's prison sentence is not contrary to law, and the record supports the trial court's findings in support of its imposition of a 10-year prison sentence for the crimes to which appellant pled.

{¶14} Appellant's sole assignment of error lacks merit.

{¶15} Although not raised by appellant, the state of Ohio requests that this Court modify the entry of sentence by vacating the no-contact order. The Ohio Supreme Court has determined a no-contact order is a community control sanction, and the felony sentencing statutes require that the trial court impose either a prison term or community control sanctions for each felony offense, but not both. *State v. Anderson* 143 Ohio St.3d 173, 2015-Ohio-2089, ¶17 & ¶31; *State v. Gray*, 11th Dist. Lake No. 2017-L-152, 2018-Ohio-3326, ¶21-22. Accordingly, the trial court's order that appellant have no contact with

the victims is not authorized by law. We therefore modify appellant's sentence by vacating the no-contact order.[1]

{¶16} The judgment of the Lake County Court of Common Pleas is hereby modified and affirmed as modified.

MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

---

1. Upon appellant's release from prison, as a special condition of sex offender supervision, the Adult Parole Authority will enforce that appellant is to have no contact with the victims. *See* R.C. 2967.28; Ohio Adm.Code 5120:1-1-41; and State of Ohio Dept. of Rehabilitation & Corr. Policy No. 100-APA-09, eff. Sept. 18, 2017.