[Cite as *State v. Sweeney*, 2021-Ohio-657.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0023** |
| JERRY M. SWEENEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2019 CR 00070.

Judgment: Affirmed.

*Colleen M. O'Toole,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Malcolm S. Douglas,* 113 North Chestnut Street, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jerry M. Sweeney, appeals the March 20, 2020 judgment of the Ashtabula County Court of Common Pleas sentencing him to two consecutive terms of 18-months imprisonment for one count of Gross Sexual Imposition and one count of Trespass in a Habitation When a Person is Present or Likely to be Present. The issue on appeal is the imposition of consecutive sentences. For the reasons stated herein, the judgment is affirmed.

{¶2}   On the evening of August 12, 2018, appellant entered the home of his neighbor, the victim's, where she was sleeping.  She woke up when she heard the front door and encountered appellant in the hallway.  She testified that he fondled her breasts, placed his hand down the front of her pants, and offered to perform oral sex on her.  She testified that she pushed him out the door, locked it and returned to bed but that appellant reentered her home.  No evidence was presented as to how he bypassed the locked door.  She testified she pushed him out again and called her mother, who came over and sat with her until she called the police the next day.  Officer Cahill interviewed appellant and he eventually admitted to the conduct.

{¶3}   Appellant was charged in a five-count indictment including Burglary, Attempted Rape, Gross Sexual Imposition, Sexual Imposition, and Trespass in a Habitation.  Appellant entered pleas of not guilty and the case proceeded to trial where the jury ultimately found him guilty of Count Three, Gross Sexual Imposition, in violation of R.C. 2907.05(A)(1), a felony of the fourth degree; Count Four, Sexual Imposition, in violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree; and Count Five, Trespass in a Habitation When a Person Present or Likely to be Present, in violation of R.C. 2911.12(B), a felony of the fourth degree.

{¶4}   The trial court found that Count Four merged with Count Three for the purpose of sentencing and sentenced appellant to 18-months imprisonment on each of Counts Three and Five, to be served consecutively.  Appellant now appeals, assigning one error for our review, which states:

{¶5}   The trial court improperly imposed consecutive sentencing upon the Appellant.

{¶6}   Appellate courts review the imposition of consecutive sentences under R.C. 2953.08(G)(2), which states:

2

{¶7} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶8} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶9} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶10} (b) That the sentence is otherwise contrary to law.

{¶11} Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶12} Further, R.C. 2929.14(C)(4) provides, in relevant part, as follows regarding consecutive felony sentences:

{¶13} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶14} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶15} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶16} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

{¶17} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶18} Under his assigned error, appellant argues the imposition of consecutive sentence contradicted the overriding purposes and principles of sentencing, and that community control would not have demeaned the seriousness of the offenses for which he was convicted. Specifically, appellant agues the trial court erred by determining the victim suffered long-term injury when she already suffered from existing psychological trauma and was on multiple, prescribed, mind-altering controlled substances at the time of the offense.

{¶19} The trial court made the requisite findings, specifically holding that "the two offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶20} Nothing in the record supports a conclusion that her prescribed, "mind-altering" controlled substances taken before August 12, 2018 in any way mitigated or

4

aggravated the results of appellant's actions. Though appellant seems to argue that the victim's psychological trauma preceded the events of August 12, 2018, it is clear from her statement that appellant's actions had direct consequences on her life, including hospitalization for depression, PTSD, hypervigilance, and nightmares. The existence of preexisting psychological trauma does not negate the additional psychological trauma caused by appellant's actions on August 12, 2018.

{¶21} Appellant also argues that the court erred in its application of the seriousness factors under R.C. 2929.12(D) and (E). We find no error in this regard. The trial court stated that it balanced the seriousness and recidivism factors under R.C. 2929.12. During the sentencing hearing, the trial court noted that there was a low likelihood of recidivism. Nevertheless, the court found that the long-term harm to the victim outweighed the factors making the crimes less serious. This finding is supported by the record, specifically the victim's hospital stay, ongoing treatment, and continued "emotional turmoil." Appellant has failed to show the court's conclusion is strikingly inconsistent with the statutory factors.

{¶22} Appellant's assignment of error is without merit.

{¶23} In light of the foregoing, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

5