[Cite as *State v. Jordan*, 2021-Ohio-1060.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                          :          **O P I N I O N**

          Plaintiff-Appellee,          :
                                                   **CASE NO. 2020-L-068**
    - vs -                              :

DE'JUAN E. JORDAN,                      :

          Defendant-Appellant.         :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2019 CR 000402.

Judgment: Affirmed.


*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, De'Juan Jordan, appeals the March 12, 2020 judgment of the Lake County Court of Common Pleas, sentencing him to a total of 60 months imprisonment; and the May 4, 2020 Amended Judgment Entry of Sentence, which clarified his credit for time served. For the reasons discussed herein, the judgments are affirmed.

{¶2}   Mr. Jordan was the subject of a controlled buy conducted by the Lake County Narcotics Agency.   On March 13, 2019 and March 14, 2019, a confidential informant bought $50 worth of crack cocaine from Mr. Jordan.   At the latter transaction, the informant noticed a young child present.   On March 26, 2019 and March 27, 2019, a confidential informant bought $40 worth of crack cocaine from Mr. Jordan.   At least two of these controlled buys occurred within 1,000 feet of an elementary school.   A search warrant was obtained and conducted on his mother's residence, where numerous drugs were discovered.   Mr. Jordan later admitted all the items were his.

{¶3}   Mr. Jordan was charged in an eight-count indictment which included four counts of trafficking in cocaine, two counts possession of cocaine, one count possession of heroin, and one count aggravated possession of drugs.   In October 2019, Mr. Jordan plead guilty to Counts 1, 2, 3, 4, and 8, and he was sentenced to individual prison terms that would run consecutive to each other and concurrent to a second case, for a total term of 60 months.   After sentencing, the Department of Rehabilitation and Corrections informed the trial court it had erred by not applying the Reagan Tokes Law when sentencing Mr. Jordan on Count 8.   The trial court then vacated the plea.

{¶4}   Ultimately, in February 2020, Mr. Jordan pleaded guilty to Count 1, Trafficking in Cocaine, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1), subject to R.C. 2929.13(B); Counts 2, 3 and 4, Trafficking in Cocaine, felonies of the fourth degree, in violation of R.C. 2925.03(A)(1), subject to R.C. 2929.13(C); and a lesser included offense of Count 8, Possession of Cocaine, a felony of the third degree in violation of R.C. 2925.11, subject to R.C. 2929.13(C).

{¶5}  At sentencing, Mr. Jordan changed his mind about the previously agreed-to plea agreement, in which both he and the State would recommend a total prison sentence of 60 months, and requested the court give him less than 60 months; the state requested an upward deviation.  Nevertheless, the court sentenced Mr. Jordan to a prison term of six months on Count 1; 12 months on each of Counts 2, 3, and 4; and 18 months on the lesser include offense of Count 8, to run consecutively to each other for a total prison term of 60 months.  The court's March 12, 2020 judgment initially stated that Mr. Jordan has 158 days of credit for time already served; the May 4, 2020 amended judgment clarified that the 158 days of credit "includes thirty-three (33) days that [Mr. Jordan] spent in prison previously on this case."  The remaining counts were nolled.

{¶6}  Mr. Jordan now appeals, assigning two errors for our review.  The first states:

{¶7}  The trial court erred by sentencing the defendant-appellant to individual prison terms on counts one through four and a lesser included offense in count eight totaling sixty months.

{¶8}  The Supreme Court of Ohio has clarified that R.C. 2929.11 and R.C. 2929.12 apply to the review of the duration of individual sentences.  *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶17.  R.C. 2929.11 addresses the purposes and principles of felony sentencing and R.C. 2929.12 sets forth the "seriousness" and "recidivism" factors a court must consider prior to sentencing.  A sentencing court is not required to use specific language and render precise findings to satisfactorily "consider" the relevant seriousness and recidivism factors.  *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79.  Instead, the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with applicable sentencing factors.  *Id.*

3

{¶9} Previously, when reviewing sentencing challenges relating to the factors set forth under R.C. 2929.11 and R.C. 2929.12, the court followed the Supreme Court of Ohio's language in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, stating that:

> {¶10} We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court.

> {¶11} That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *Marcum, supra,* at ¶23.

{¶12} Recently, however, the Ohio Supreme Court concluded that the foregoing language in Marcum was dicta and that an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12". *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, at ¶27, 29. Thus, under *Jones*, "when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer evaluate whether those sentences are unsupported by the record. Instead, we must simply analyze whether those sentences are contrary to law." *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶11. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶74; *see also State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18; *Shannon, supra.*

4

{¶13} Mr. Jordan argues the trial court ignored or discounted the factors in R.C. 2929.12(E) that made his behavior less serious and recidivism less likely. He notes he has no adult criminal history and had been a law-abiding citizen prior to this case. He also notes his consistent work history, family support, and expression of genuine remorse and desire to become a better person.

{¶14} He also faults the court for considering a number of factors making the offense more serious that are not outlined in RC. 2929.12(B), most pertinently the quantity of drugs found. Mr. Jordan argues that the amount of drugs in question is what elevated the conduct to the degree of felony offenses that he pled guilty to, and that the trial court should not have considered that factor again in sentencing. We disagree.

{¶15} As this court has previously stated, "[a] trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo,* 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23. Here, the court expressly stated it considered the factors set forth in R.C. 2929.11 and R.C. 2929.12. The court found the quantity of drugs found in his possession to be a factor that made the conduct more serious because while he pleaded to a felony of the third degree, the quantity was sufficient for a felony of the first degree. Mr. Jordan faults the court for considering this factor; though not expressly listed in R.C. 2929.12, Section (B) of that statute states the court "shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B). Thus, we

cannot agree that the quantity of drugs found was not a relevant factor in considering the seriousness of Mr. Jordan's conduct.

{¶16} The court also determined that recidivism was more likely, and that Mr. Jordan has not been rehabilitated to a satisfactory degree after being adjudicated for a juvenile offense. Despite Mr. Jordan's argument that he has led a law-abiding life since his juvenile record, Mr. Jordan had only been out of high school a couple of years before this incident. Moreover, at the time of the sentencing hearing, Mr. Jordan had been incarcerated for seven months. Thus, we do not agree that the court discounted his lack of adult criminal record.

{¶17} Finally, though Mr. Jordan expressed some desire to amend his ways, he also attained the benefit of a plea agreement, but then asked the court to sentence him to less than he had agreed to, stating it did not seem fair. Given the deference to the trial court, which is in the best position to determine a defendant's sincerity, we do not agree that the trial court ignored his statements of remorse. By stating it found no mitigating factors, the court was indicating it found Mr. Jordan's remorse insincere; this finding is not inconsistent with the record.

{¶18} Accordingly, Mr. Jordan's first assignment of error is without merit.

{¶19} His second states:

{¶20} The trial court erred by sentencing the defendant-appellant to serve the individual prison terms consecutively when the consecutive sentences were unsupported by the record and thus, contrary to law.

{¶21} We review the imposition of consecutive sentences under R.C. 2953.08(G)(2), which states:

{¶22} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

6

{¶23} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶24} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶25} (b) That the sentence is otherwise contrary to law.

{¶26} Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶27} Further, R.C. 2929.14(C)(4) provides, in relevant part, as follows regarding consecutive felony sentences:

{¶28} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶29} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶30} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual

7

that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶31} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

{¶32} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶33} Mr. Jordan contends that the trial court's order of consecutive prison terms is unsupported by the record. The court specifically stated that "consecutive sentences were necessary to protect the public and punish the offender. Consecutive sentences are not disproportionate to his conduct and the danger he poses." In considering his criminal history, the court also noted that consecutive terms were necessary to protect the public from future crime, and that at least two of the multiple offenses were committed as part of one or more course of conduct.

{¶34} Mr. Jordan argues that this conclusion is unsupported by the record as he does not have a criminal history as an adult. He argues his conduct does not show any signs of recidivism and thus he is not a danger to the public at large. However, as discussed under his first assignment of error, Mr. Jordan's lack of adult criminal history is not very impressive given his young age. Moreover, the court specifically noted that he violated the terms of his bond; the records suggests that while on bond Mr. Jordan again sold cocaine. Under the circumstances, we cannot agree that the record "clearly and convincingly" does not support the trial court's findings.

{¶35} Accordingly, Mr. Jordan's second assignment of error is without merit.

{¶36} In light of the foregoing, the judgments of the Lake County Court of Common Pleas are affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.