[Cite as *State v. Mills*, 2023-Ohio-3117.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DORIAN JOSEPH MILLS,

        Defendant-Appellant.

**CASE NO. 2023-A-0009**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00045

---

**O P I N I O N**

Decided: September 5, 2023
Judgment: Affirmed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Dorian Mills, appeals his sentence from the Ashtabula County Court of Common Pleas. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw. In his brief, counsel asserts there are no meritorious issues for appeal and thus, the matter is wholly frivolous. After considering the record, pursuant to *Anders*, supra, we agree with counsel, affirm the trial court, and grant counsel's motion to withdraw.

{¶2} On May 7, 2021, the Ashtabula County Grand Jury indicted Appellant on two counts of Attempted Murder, first-degree felonies in violation of R.C. 2923.02 with

firearm specifications, three counts of Felonious Assault, second-degree felonies in violation of R.C. 2903.11(A)(2) with firearm specifications, and one count of Tampering with Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1).[1]  Appellant pled not guilty to all counts.

{¶3}  On October 18, 2021, the jury trial commenced.  The jury acquitted Appellant on both counts of Attempted Murder, but found him guilty on all remaining counts.  On January 31, 2022, the court held a sentencing hearing, and sentenced Appellant to a prison term of four to six years for each count of Felonious Assault, three years for gun specifications on each count of Felonious Assault, and eighteen months for Tampering with Evidence.  The court ordered prison terms for both counts of Felonious Assault to be served concurrently to one another.  The court imposed mandatory consecutive sentences for each gun specification.  The court ordered the prison term for Tampering with Evidence to be served consecutively to the other prison terms.

{¶4}  Appellant timely appealed his convictions.  On appeal, this court reversed and remanded this case for resentencing with the specific instruction to order Appellant's sentence for Tampering with Evidence to be served concurrent to his other prison terms.

{¶5}  On February 1, 2023, the court resentenced Appellant according to our instruction and ordered that Appellant's prison term for Tampering with Evidence be served concurrently to his other prison terms.  All other prison terms remained the same as the court imposed them at the January 31, 2022 sentencing hearing.

{¶6}  On April 26, 2023, counsel filed Appellant's appellate brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.  Counsel represented

---

1. Before trial commenced, the state dismissed one count of Felonious Assault.

2

that he had reviewed the record, found no meritorious issues upon which to base an appeal, and moved to withdraw.  This court granted Appellant 30 days in which "to file his own submission, if he so chooses, which raises any arguments in support of the appeal."  This court held counsel's request to withdraw in abeyance.  Appellant has not filed any further brief or memorandum in support of his appeal.

{¶7}  In *Anders*, the United States Supreme Court outlined the proper steps to follow in this situation: "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; * * * the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; * * * counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses."  *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶ 5, citing *Anders* at 744.  The appellate court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous."  *Anders* at 744.

{¶8}  In his brief, Appellant raises two potential areas for review which may arguably support his appeal.

{¶9}  First potential issue: "Whether Appellant's sentence is contrary to law."

{¶10}  The appellate standard of review for felony-sentencing is governed by R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21.  That provision states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

3

the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶11} "A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, at ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11, quoting *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 74; see also *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18.

{¶12} We first note that Appellant's sentences are within the statutory range for the convicted offenses. Appellant correctly asserts that at his resentencing hearing, the trial court did not state that it considered R.C. 2929.11 and 2929.12. However, "[e]ven a 'silent record raises the presumption' that the sentencing court considered all relevant factors." *Id.* quoting *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. This court has held "that even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations." *State v. Shannon*,

4

11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, at ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24. Consideration of the factors "can be presumed unless the defendant affirmatively shows to the contrary." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 8. "A trial court's silence regarding the purposes of felony sentencing and/or the seriousness and recidivism factors is not sufficient to affirmatively demonstrate that the court did not comply with the statutes." *State v. Claar*, 11th Dist. Portage No. 2020-P-0058, 2021-Ohio-2180, ¶ 11.

{¶13} In this case, the court's judgment entry states that it considered R.C. 2929.11 and 2929.12. There is nothing before us demonstrating that the court failed to consider the required statutory factors.

{¶14} Appellant's first potential issue for review is without merit.

{¶15} Second potential issue for review: "Whether the trial court erred by imposing an indefinite sentence."

{¶16} Appellant raises the constitutionality of R.C. 2967.271, the Reagan Tokes Law. Based on the Ohio Supreme Court's recent ruling upholding the constitutionality of the Regan Tokes Law, Appellant's arguments are without merit. *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, ¶ 41.

{¶17} Appellant's second potential issue is without merit.

{¶18} After a thorough and independent review of the record, we find no arguable issues necessitating the appointment of new counsel. The instant appeal is without merit and wholly frivolous.

5

Case No. 2023-A-0009

{¶19} Attorney Edward F. Borkowski Jr's. April 26, 2023 Motion to Withdraw as counsel of record for Appellant is granted and the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-A-0009