[Cite as *State v. Miller*, 2019-Ohio-2290.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2018-L-133 |
| OTIS S. MILLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 001304.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa Ann Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Otis. S. Miller, appeals from his judgment of the Lake County Court of Common Pleas, sentencing him to an aggregate term of 12 years imprisonment. We affirm.

{¶2} The instant matter arose from a lengthy investigation by the Lake County Narcotics Agency ("LCNA") which culminated in one of the largest drug arrests in the

county's recent history. On November 14, 2017, LCNA conducted a controlled drug buy from appellant. During the buy, appellant sold a confidential informant an ounce of methamphetamine in exchange for $900. Agents subsequently secured a search warrant for appellant's residence. The search resulted in the seizure of cocaine, methamphetamine, marijuana, alprazolam, methadone, as well as firearms and ammunition.

{¶3} Appellant was indicted on a total of 14 charges, 12 of which were felonies. All counts included forfeiture specifications and seven included major drug offender specifications. Appellant originally pleaded not guilty, but withdrew the plea and entered pleas of guilty to one count of trafficking in cocaine, a felony of the first degree and one count of aggravated trafficking in drugs, a felony of the second degree. After holding a hearing, appellant was sentenced to 10 years on the trafficking in cocaine charge and two years on the aggravated trafficking in drugs charge. The trial court ordered the sentences to be served consecutively for an aggregate prison term of 12 years. He now appeals and assigns the following as error:

{¶4} "The trial court erred by sentencing the defendant-appellant to mandatory and consecutive prison sentences totaling 12 years."

{¶5} An appellate court generally reviews felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which states:

{¶6} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶7} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not

2

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶8}** (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶9}** (b) That the sentence is otherwise contrary to law.

**{¶10}** Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

**{¶11}** The Ohio Supreme Court has held, R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42; *State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶75. "Rather, in sentencing a defendant for a felony, a court is merely required to consider the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors in R.C. 2929.12." *Macko*, *supra*, citing *Foster, supra*.

**{¶12}** Appellant asserts his sentence was contrary to law because the trial court either ignored or discounted factors under R.C. 2929.12 that made his behavior less serious and recidivism less likely. Specifically, he contends the record supports he had no previous history of drug dealing and he expressed genuine remorse. He notes that he was a drug addict, which could be deemed a valid mitigating factor. Appellant submits the offenses and/or his conduct were committed under circumstances not likely to recur. And, appellant argues, the trial court's consideration of the amount of drugs

3

that were seized was problematic because the quantity of the drugs was an element inherent one of the offenses to which he pleaded and should not be a sentencing consideration. We do not agree with appellant's position. On record, the court stated:

{¶13} This Court did review the presentence report and investigation that was completed in this matter. I've considered the particular facts and circumstances of the offenses involved here, the nature of the Defendant's conduct.

{¶14} I have considered everything that's been said here today by [the attorneys for both parties]. I also did receive as I indicated several letters on behalf of the Defendant over the last month and I've read and considered all those.

{¶15} This is all considered in light of the purposes and principles of felony sentencing which are set forth in 292911 [sic] of the Revised Code.

{¶16} Now as for the factors in 292912 [sic], the Court finds, as for factors indicating the conduct is more serious, the Defendant did act as part of [an] organized criminal activity in dealing with these drugs over this period of time.

{¶17} Other relevant factors indicating the conduct is more serious is that the sheer number, excuse me, the sheer amount of drugs involved here. As indicated, one of the larger drug busts we've had here in Lake County in some time. The Defendant was a major, a major drug dealer, by his own words. Started doing this four years ago and within three months he became the biggest drug dealer in Lake County. For the last three and a half years before his arrest, he was the biggest dealer in Lake County here. By his own - - his own words.

{¶18} No factors indicate the conduct is less serious.

{¶19} Factors indicating recidivism is more likely, there is a history of juvenile delinquency adjudications, as well as convictions as an adult. While none of the convictions, there are no prior convictions for felonies, nonetheless the prior criminal record, not counting juvenile, it goes back twenty-four years. Starting in 1994. Right when Defendant, literally the day after his eighteenth birthday; his first criminal offense.

4

**{¶20}** There were multiple misdemeanor offenses throughout the years. Including five OVI offenses. It's not part of his criminal record but then you get to traffic - - and I don't care about other traffic stuff, but there's five OVI convictions as well over this period of time. So there's a lengthy record here over a substantial length of time; twenty-four years again. The defendant continually, may not be felonious conduct, but nonetheless criminal conduct.

**{¶21}** He has not responded favorably to previously imposed sanctions. There are multiple probation violations over the years for different offenses that the Defendant was put on the probation for in municipal courts.

**{¶22}** Other relevant factors indicating recidivism is more likely, two bond violations in this particular case. The Defendant was originally out on bond and violated because he failed to comply with the initial condition of GPS. The Court then at that time of his plea reinstated the bond and within a very short period of time Mr. Miller violated by using; tested positive.

**{¶23}** Picked up an additional [charge] while he was out on bond for resisting arrest while they were attempting to arrest him on the warrant for this Court.

**{¶24}** No factors indicating recidivism is less likely.

**{¶25}** The court explicitly stated it considered the R.C. 2929.12 factors. It also considered the presentence investigation report, his defense attorney's statements, as well as his statements. In so doing, the court evaluated and weighed appellant's drug use, his drug addiction, the genuineness of his remorse, and, in light of the facts and circumstances, whether appellant was likely to reoffend. Simply because the trial court did not find the factors identified by appellant to militate in favor of a less severe sentence does not imply the sentence is contrary to law. To the contrary, the sentences were within the statutory range and there is nothing in the record to suggest the trial court ignored the factors appellant identifies on appeal.

{¶26} Furthermore, the trial court was free to consider the quantity of the drugs seized from appellant's residence. Such a consideration is "well within the court's bailiwick and is relevant as 'any other factor * * * indicating the offender's conduct is more serious than conduct normally constituting the offense." *State v. Hull*, 11th Dist. No. 2016-L-035, 2017-Ohio-157, ¶42. Despite appellant's assertions, we conclude the trial court properly considered the R.C. 2929.12 factors and his sentence was not contrary to law.

{¶27} Next, although not argued in the body of appellant's brief, his assignment of error challenges the trial court's imposition of consecutive sentences.

{¶28} Further, R.C. 2929.14(C)(4) provides, in relevant part, as follows regarding consecutive felony sentences:

{¶29} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶30} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶31} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

6

**{¶32}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶33}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * * [.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the sentence is contrary to law. *Id.* The trial court has no obligation, however, to engage in a "word-for-word recitation" of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record. *Id.* at ¶28-29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶29.

**{¶34}** The trial court found:

**{¶35}** [C]onsecutive service is necessary to protect the public from future crime and to punish the offender, that they are not disproportionate to the seriousness of his conduct and to the danger he poses to the public and that at least two of these multiple offenses, there were two, both of them were committed as a part of one or more courses of conduct and the harm caused by two or more of the offenses so committed was so great or unusual that no single prison term for any of the offenses committed as a part of any of the courses of conduct adequately reflects the seriousness of his conduct. The Court also notes the offender's history of criminal conduct demonstrates, and the type of offenses are necessary to protect the public from future crime by the offender.

**{¶36}** The foregoing findings are compliant with R.C. 2929.14(C)(4) and are reasonably supported by the record. We therefore hold the trial courts imposition of a 12-year term of imprisonment is not contrary to law.

**{¶37}** Appellant's assignment of error is without merit.

{¶38} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.