[Cite as *State v. Bernard*, 2020-Ohio-437.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0049** |
| CLAUDE LEE BERNARD a.k.a. CLAUDE L. BERNARD, JR., | : | |
| Defendant-Appellant. | : | |
| | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 00578.

Judgment: Affirmed.

*Cecilia Cooper,* Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener,* P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Claude Lee Bernard, appeals from the judgment of conviction, entered by the Ashtabula County Court of Common Pleas after pleading guilty to one count of aggravated vehicular assault and one count of operating a vehicle while intoxicated ("OVI").

{¶2} Appellant was indicted on four counts: Count One, aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a); Count Two,

possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(a); Count Three, OVI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a)(G)(1); and Count Four, marked lanes of travel, a minor misdemeanor, in violation of R.C. 4511.25(A). Appellant pleaded guilty to Counts One and Three, the remaining counts were dismissed. After a sentencing hearing, appellant was sentenced to a 30-month term of imprisonment on Count One and 180 days on Count Three, concurrent.

{¶3} A notice of appeal was filed and, after reviewing the record, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there were no meritorious issues for review and sought to withdraw.

{¶4} In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶5} After appellate counsel filed the *Anders* brief, this court issued an order which afforded appellant the opportunity to file a brief. Appellant filed no brief. We shall therefore proceed to conduct an independent review of the record, pursuant to *Anders, supra*.

{¶6} In this matter, appellate counsel proposes the following as a potential assignment of error:

{¶7} "The trial court erred when it sentenced appellant to a term of 30 months incarceration."

{¶8} At sentencing, the court considered the purposes and principles of felony sentencing as well as the recidivism and seriousness factors. In light of appellant's record and criminal history, the trial court found recidivism highly likely. And, because there was injury to an innocent individual, the court found that the more serious factors override the less serious factors.

{¶9} Appellant was sentenced to a term of 30 months on Count One, a felony of the third degree, a term lower than the maximum and thus within the statutory range. He was also sentenced to 180 days for Count Three, a misdemeanor of the first degree. This sentence was ordered to run concurrently with the sentence on Count One.

{¶10} "Appellate courts 'may vacate or modify any sentence that is not clearly and convincingly contrary to law' only when the appellate court clearly and convincingly finds that the record does not support the sentence." *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, ¶10, citing *State v. Wilson,* 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18. This sentence was not contrary to law and the record supports the trial court's observations on record as well as its conclusion.

{¶1}    After an independent review of the record, we conclude the instant appeal is wholly frivolous. The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed and counsel's motion to withdraw is granted.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.