[Cite as *State v. Miller*, 2020-Ohio-5383.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-019** |
| OTIS S. MILLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 001304.

Judgment: Appeal dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Otis S. Miller,* pro se, PID: A754-280, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Otis S. Miller, appeals from the judgment of the Lake County Court of Common Pleas denying his post-conviction "motion to unseal the search warrants and search warrant affidavits making them part of the record." We dismiss the appeal.

{¶2} The underlying prosecution arose from a lengthy investigation by the Lake County Narcotics Agency ("LCNA") which culminated in one of the largest drug arrests

in the county's recent history. On November 14, 2017, LCNA conducted a controlled drug buy from appellant. During the buy, appellant sold a confidential informant an ounce of methamphetamine in exchange for $900. Agents subsequently secured a search warrant for appellant's residence. The search resulted in the seizure of cocaine, methamphetamine, marijuana, alprazolam, methadone, as well as firearms and ammunition.

{¶3} Appellant was indicted on a total of 14 charges, 12 of which were felonies. All counts included forfeiture specifications and seven included major drug offender specifications. Appellant originally pleaded not guilty but withdrew the plea and entered pleas of guilty to one count of trafficking in cocaine, a felony of the first degree and one count of aggravated trafficking in drugs, a felony of the second degree. After holding a hearing, appellant was sentenced to 10 years on the trafficking in cocaine charge and two years on the aggravated trafficking in drugs charge. The trial court ordered the sentences to be served consecutively for an aggregate prison term of 12 years.

{¶4} Appellant appealed to this court challenging his sentence. In *State v. Miller,* 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, this court affirmed the trial court's sentence. Appellant ultimately filed a post-conviction petition and an amended post-conviction petition. In purported aid of his post-conviction petition, appellant moved the court to unseal the search warrants and search warrant affidavits. The trial court denied this motion and the post-conviction petition remains pending. Appellant now appeals and assigns the following as error:

{¶5} "The trial court abused its discretion and authority when it denied appellant's motion to unseal the search warrants and search warrant affidavits making them a part of the record."

2

{¶6} Appellant concedes the underlying motion to unseal the search warrants and affidavits was filed to help him supplement argumentation in his post-conviction relief petition. In light of this point, we conclude the judgment denying that motion is not a final, appealable order. R.C. 2505.02(B) provides, in relevant part:

{¶7} An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶8} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶9} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶10} * * *

{¶11} (4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶13} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14} R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." An order affects a substantial right "only if an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶7.

3

{¶15} We recognize that persons generally have a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which a search warrant issued, but the right is not absolute. *State v. Lawson,* 11th Dist. Lake No. 2001-L-071, 2002-Ohio-5605, ¶22 citing *In re Search Warrant for 2934 Anderson Morris Rd. Niles, Ohio 44406,* 48 F.Supp.2d 1082, 1083 (N.D.Ohio 1999) and *In re Search Warrants Issued August 29, 1995,* 889 F.Supp. 296, 301, on reconsideration (S.D.Ohio 1995). Appellant does not make a specific argument as to why unsealing the warrants would aid his post-conviction proceeding. We decline to presume that review of the judgment is immediately necessary to protect the arguable right he seeks to vindicate. Accordingly, even if appellant has a "substantial right" to have the record supplemented with the warrant(s) and/or or affidavit(s), the judgment denying the motion at issue does not *affect* that right. R.C. 2505.02(B)(1) and (2) are inapplicable.

{¶16} Similarly, even if the judgment denied a provisional remedy, appellant would be afforded meaningful review from an appeal following final disposition of his petition for post-conviction relief. As such, the judgment is not final and appealable via R.C. 2505.02(B)(4).

{¶17} For the reasons discussed, the judgment at issue is not a final, appealable order, and this appeal must be dismissed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

4