[Cite as *State v. Miller*, 2021-Ohio-3882.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-040 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| OTIS S. MILLER, | |
| Defendant-Appellant. | Trial Court No. 2017 CR 001304 |

**O P I N I O N**

Decided: November 1, 2021
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Otis S. Miller,* pro se, PID: A754-280, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Otis S. Miller, appeals from the judgment of the Lake County Court of Common Pleas, denying his petition for post-conviction relief as untimely. We affirm.

{¶2} This court set forth the following statement of the case in a previous appeal, captioned *State v. Miller*, 11th Dist. Lake No. 2020-L-019, 2020-Ohio-5383 ("*Miller II*"):

{¶3} The underlying prosecution arose from a lengthy investigation by the Lake County Narcotics Agency ("LCNA") which culminated in one of the largest drug arrests in the county's recent history. On November 14, 2017, LCNA conducted a controlled drug buy from appellant.

During the buy, appellant sold a confidential informant an ounce of methamphetamine in exchange for $900. Agents subsequently secured a search warrant for appellant's residence. The search resulted in the seizure of cocaine, methamphetamine, marijuana, alprazolam, methadone, as well as firearms and ammunition.

{¶4} Appellant was indicted on a total of 14 charges, 12 of which were felonies. All counts included forfeiture specifications and seven included major drug offender specifications. Appellant originally pleaded not guilty but withdrew the plea and entered pleas of guilty to one count of trafficking in cocaine, a felony of the first degree and one count of aggravated trafficking in drugs, a felony of the second degree. After holding a hearing, appellant was sentenced to 10 years on the trafficking in cocaine charge and two years on the aggravated trafficking in drugs charge. The trial court ordered the sentences to be served consecutively for an aggregate prison term of 12 years.

{¶5} Appellant appealed to this court challenging his sentence. In *State v. Miller,* 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290 [("*Miller I*")], this court affirmed the trial court's sentence. Appellant ultimately filed a post-conviction petition and an amended post-conviction petition. In purported aid of his post-conviction petition, appellant moved the court to unseal the search warrants and search warrant affidavits.

{¶6} The trial court eventually denied appellant's motion to unseal the search warrants and search warrant affidavits. Appellant appealed to this court challenging that decision and, in *Miller II*, this court determined the judgment was not a final, appealable order. Accordingly, that matter was dismissed.

{¶7} On March 11, 2021, the trial court denied appellant's petition for post-conviction relief as untimely. Appellant now appeals assigning six errors. They provide:

{¶8} "[1.] The trial court erred in holding that the petition was filed inexcusably late.

{¶9} "[2] Miller received ineffective assistance of counsel, in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution.

2

{¶10} "[3.] Petitioner received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment of the United Sates Constitution and Section 10, Article 1 of the Ohio Constitution when court appointed counsel coerced petitioner to plead guilty before conducting the suppression hearing challenging the stop and seizure.

{¶11} "[4.] Miller contends that the traffic stop was constitutionally flawed because no probable cause or reasonable suspicion of his criminal behavior existed prior to the stop in violation of the Fourth Amendment of the United States Constitution, as well as Article One, Section 14, of the Ohio Constitution.

{¶12} "[5.] Miller contends his Fourth Amendment right under the United States Constitution was violated because the inventory search of his vehicle was a mere pretext for conducting a warrantless evidentiary search because there was no legitimate basis for the police to request permission to drive Miller's car back to his residence but, drive to an unknown location and conduct an evidentiary search.

{¶13} "[6.] Miller received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment of the United States Constitution and Section 10, Article 1 of the Ohio Constitution."

{¶14} Generally, an appellate court reviews a trial court's denial of a petition for post-conviction relief for an abuse of discretion. *State v. Hendrix,* 11th Dist. Lake No.2012-L-080, 2013-Ohio-638, ¶7. If, however, a trial court denies a petition by operation of law, the court reviews the matter de novo. *State v. Butcher*, 11th Dist. Portage No. 2013-P-0090, 2014-Ohio-4302, ¶6. The trial court in this matter denied appellant's petition as untimely; thus, we review the instant appeal de novo.

3

{¶15} A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

{¶16} In this case, the trial transcript was filed in appellant's direct appeal on December 19, 2018. Accordingly, the deadline for filing his petition was December 19, 2019. And this court placed appellant on notice of this deadline in a judgment entry denying his application to reopen his appeal. Appellant did not file his petition until January 2, 2020, which he amended on January 17, 2020. The petition is therefore untimely.

{¶17} The requirement that a postconviction petition be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

{¶18} If a postconviction petition is filed beyond the time limitation, R.C. 2953.23(A)(1)(a) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

4

{¶19} Unless the petitioner demonstrates the foregoing, the trial court lacks jurisdiction to consider an untimely petition for postconviction relief. *State v. Carter*, 2d Dist. Clark No. 03CA-11, 2003-Ohio-4838, ¶13, citing *State v. Beuke*, 130 Ohio App.3d 633 (1st Dist.1998).

{¶20} In his January 2, 2020 petition, appellant appears to concede his petition was untimely; still, neither in his January 2, nor his January 17 petitions, did he argue his untimely filing was excepted under R.C. 2953.23(A)(1)(a) and (b). Not until February 27, 2020, in his response to the state's memorandum in opposition did he assert he was unavoidably prevented from filing a timely petition. At that point, appellant asserted there was nothing available in the record demonstrating a search warrant was issued in his underlying criminal case and he did not learn of the search warrant until after sentencing. In his appellate brief, appellant contends he was unaware, until alerted by "a jailhouse lawyer" that a petition for post-conviction relief was the appropriate means of seeking relief.

{¶21} The phrase "unavoidably prevented" means a defendant was unaware of facts and unable to learn of them via reasonable diligence. *State v. Stone*, 2d Dist. Clark No. 2011 CA 96, 2012-Ohio-4755, ¶17. With respect to the underlying search warrant, appellant's trial counsel filed a motion to suppress evidence which challenged, inter alia, the scope of the search warrant which ultimately led to his arrest. The record also reveals that the state provided defense counsel with an acknowledgement that the search warrant may be used as an exhibit during trial. The prosecutor, in her memorandum in opposition to the motion to suppress, provided a sketch of the nature of the search warrant and asserted appellant's arrest and all evidence seized were within the scope of the warrant. Defense counsel ultimately withdrew the motion to suppress after securing a favorable

5

plea offer; and, after a fully plea colloquy, at which appellant acknowledged he was giving up his right to challenge the evidence via the motion to suppress, the trial court accepted his plea of guilty. There is nothing to indicate appellant was unaware that the search warrant was used to secure his arrest as well as the inculpatory evidence. In this respect, his claim that he was unavoidably prevented from discovering the search warrant's existence is without merit.

{¶22} Moreover, in this court's November 8, 2019 judgment denying his application to reopen his direct appeal, appellant was advised that his arguments on reopening would be best addressed via a petition for post-conviction relief. In pointing this out, this court further advised appellant that his deadline for filing a petition would be December 19, 2019. Appellant's petition was untimely as a matter of law and therefore the trial court did not err in denying the same.

{¶23} Even assuming the petition was timely filed, it would still lack merit. Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant must set forth evidence which, if believed, would establish not only that his trial counsel had violated at least one of a defense attorney's essential duties, but also that the violation was prejudicial to the defendant. *State v. Cole*, 2 Ohio St.3d 112, 114 (1982).

{¶24} Appellant's substantive arguments under his assigned errors assert various arguments relating to counsel's performance (appellant was unable to allege ineffective assistance in his initial appeal because he utilized the same attorney for both trial defense and appeal). He contends her performance was ineffective for withdrawing the motion to suppress evidence and failing to request or review the search warrant prior to pursuing a change of plea. Appellant maintains that, had counsel pursued the motion to suppress

6

Case No. 2021-L-040

and, in doing so, challenged the warrant as well as the alleged unconstitutional stop, the charges would have been dismissed.

{¶25} For purposes of an ineffectiveness claim in relation to a plea of guilty, an appellant must demonstrate that counsel's alleged deficient performance "'caused the plea to be less than knowing and voluntary.'" *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, *2 (Mar. 3, 1995), quoting *State v. Barnett*, 73 Ohio App.3d 244, 248–249 (2d Dist.1991). Put differently, an appellant's plea of guilty waives his or her right to assert an ineffective assistance claim unless counsel's errors affected the knowing and voluntary character of the plea. *State v. Hill*, 10th Dist. Franklin No. 10AP-634, 2011-Ohio-2869, ¶15.

{¶26} Notwithstanding this point, during his plea colloquy, the trial court inquired about the motion to suppress filed by trial counsel:

{¶27} THE COURT: While I'm on that, that does include the suppression hearing or motion that your attorney filed. Your attorney filed a motion to suppress. Which is a request [for] the court to prohibit the prosecutor from using certain evidence at trial because it's her allegation, on your behalf, that this evidence was obtained illegally; in violation of your constitutional rights. She filed that motion. There was a hearing scheduled for right now actually to determine whether there was any merit to that argument. By pleading guilty, you are giving up your right to challenge those issues and we're not going to be able to do it at a later date. Do you understand that?

{¶28} THE DEFENDANT: Yes, sir.

{¶29} The trial court proceeded to engage appellant in a full and robust plea colloquy which demonstrated appellant knowingly, intelligently, and voluntarily pleaded guilty. After explaining the rights appellant was waiving, the court then queried:

7

{¶30} THE COURT: Have you had enough time to review this case with your attorney, have her go over the report with you, discuss the issues and answer your questions?

{¶31} THE DEFENDANT: Yes.

{¶32} THE COURT: Are you satisfied with her advice and counsel?

{¶33} THE DEFENDANT: Yes.

{¶34} THE COURT: Have there been any promises made to you by your attorney or anyone else for that matter regarding what's going to happen at sentencing which is inducing you to plead guilty here?

{¶35} THE DEFENDANT: No, sir.

{¶36} THE COURT: Have you been threatened or coerced in any way to plead guilty?

{¶37} THE DEFENDANT: No, sir.

{¶38} The court proceeded to accept appellant's guilty plea. In light of the foregoing, we conclude that, even had appellant's petition been filed timely, he suffered no ineffective assistance of counsel.

{¶39} Appellant's assignments of error are without merit.

{¶40} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2021-L-040