[Cite as *State v. Hubert*, 2025-Ohio-4991.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2025-A-0010 |
| | 2025-A-0011 |
| Plaintiff-Appellee, | |
| | Criminal Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| SHANNON JOSHUA HUBERT, | |
| | Trial Court Nos. 2024 CR 00516 |
| Defendant-Appellant. | 2024 CR 00520 |

---

## OPINION AND JUDGMENT ENTRY

Decided: November 3, 2025
Judgment: Affirmed

---

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, *Tina M. Scibona* and *Phillip L. Heasley*, Assistant Public Defenders, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).


JOHN J. EKLUND, J.

{¶1} Appellant, Shannon Joshua Hubert, appeals the judgments of the Ashtabula County Court of Common Pleas sentencing him to an aggregate prison term of 27 months for Attempted Robbery and two counts of Vandalism following his guilty pleas.

{¶2} Appellant raises a single assignment of error, arguing that the trial court's sentence is contrary to law.

{¶3} Having reviewed the record and the applicable law, we find that Appellant's assignment of error is without merit. The trial court's imposition of consecutive sentences

is not clearly and convincingly contrary to law. The trial court made the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporated its findings into the sentencing entry. Therefore, we affirm the judgments of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶4} On November 21, 2024, the Ashtabula County Grand Jury indicted Appellant in Case No. 2024 CR 00516 on three counts: Robbery, a third-degree felony in violation of R.C. 2911.02(A)(3) and (B) (Count 1); Grant Theft of a Motor Vehicle, a fourth-degree felony in violation of R.C. 2913.02(A)(1) and (B)(5) (Count 2); and Domestic Violence, a first-degree misdemeanor in violation of R.C. 2919.25(A) and (D)(2) (Count 3). On the same date, the grand jury also indicted Appellant in Case No. 2024 CR 00520 on two counts of Vandalism, fifth-degree felonies in violation of R.C. 2909.05(B)(2) and (E) (Counts 1 and 2).

{¶5} On November 26, 2024, Appellant was arraigned, pleaded not guilty, and was appointed counsel.

{¶6} On December 12, 2024, Appellant filed a Motion to Determine Competency and Plea of Not Guilty by Reason of Insanity. The trial court filed a judgment entry ordering the Forensic Psychiatric Center of Northeast Ohio, Inc. to examine Appellant. The Center examined Appellant and issued reports opining that Appellant understood the nature and objectives of the proceedings against him, was competent to stand trial and knew the wrongfulness of his acts at the time of the alleged offenses.

Case Nos. 2025-A-0010, 2025-A-0011

{¶7} On January 28, 2025, the trial court held a competency and plea hearing. The parties stipulated to the findings in the Center's reports. The trial court issued findings consistent with the Center's opinions.

{¶8} The parties also notified the trial court that they had entered into written plea agreements in both cases. In Case No. 2024 CR 00516, Appellant agreed to plead guilty to Amended Count 1, Attempted Robbery, a fourth-degree felony in violation of R.C. 2923.02 and 2911.02(A)(3), and Count 2, Grand Theft of a Motor Vehicle, as originally charged. In exchange, the State agreed to dismiss Count 3, Domestic Violence. In Case No. 2024 CR 00520, Appellant agreed to plead guilty to Counts 1 and 2, Vandalism, as originally charged.

{¶9} The trial court engaged in a colloquy with Appellant pursuant to Crim.R. 11. Following the colloquy, Appellant and the State provided factual bases for the offenses in each of the cases. The offenses in Case No. 2024 CR 00516 occurred on October 4, 2024. According to Appellant, he suffers from bipolar disorder with mania, and he had not taken his medication for approximately two months. Appellant's girlfriend reported to police that Appellant blocked her vehicle with his body, took her car keys by force, and drove away without permission. The offenses in Case No. 2024 CR 00520 occurred on October 7 and 8, 2024. While being held in custody in the Ashtabula City Jail, Appellant "sabotaged" the jail's computer system by unplugging an internet cable and flooded his cell.

{¶10} Following the explanations, Appellant entered guilty pleas to the four offenses. The trial court accepted Appellant's guilty pleas and found him guilty. The court ordered a presentence investigation and set the matter for sentencing.

Case Nos. 2025-A-0010, 2025-A-0011

{¶11} On February 25, 2025, the trial court held a sentencing hearing. In Case No. 2024 CR 00516, the parties agreed that the two counts merged for purposes of sentencing, and the State elected to proceed on Amended Count 1, Attempted Robbery.

{¶12} Defense counsel requested that Appellant be sentenced to community control, noting that Appellant had been in custody since his arrest. Defense counsel stated that Appellant has mental health concerns and was not able to obtain his sleep medication while in jail. Defense counsel also stated that Appellant receives counseling, has scheduled future mental health treatment, and has a job waiting for him upon release. Alternatively, if the trial court deemed additional incarceration to be necessary, defense counsel requested that the court impose concurrent jail or prison terms.

{¶13} Appellant stated that it was an unfortunate situation. He explained that the problem of having bipolar disorder with mania is that one believes he does not need medication when he is doing well. He also stated that his girlfriend was losing her house and car without his financial assistance.

{¶14} The State argued that Appellant was not amenable to community control in either case because of his "atrocious and extensive" criminal history. The State also argued that an aggravating factor for the Vandalism offenses was that they occurred in the Ashtabula City Jail. The State requested consecutive prison sentences of 17 months in Case No. 2024 CR 00516 and 22 months in Case No. 2024 CR 00520, for an aggregate prison term of 39 months.

{¶15} In announcing Appellant's sentence, the trial court stated as follows:

> The Court's reviewed the presentence investigation reports here in both of these cases. They're extensive documents. They provide the Court with much information here about you, Mr. Hubert. The Court is familiar with the facts that led to the offenses charged here in these two cases.

Case Nos. 2025-A-0010, 2025-A-0011

Also, the Court reviewed the defendant's prior criminal record as well. The past convictions here are all listed and the Court reviewed those specifically here in its review of the presentence investigation report.

The Court's considered the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offenders and to protect the public from future crime. The Court's considered both recidivism and seriousness factors as well. As it relates here to those factors it does appear, Mr. Hubert, that you do have a substantial prior criminal record, a history of criminal convictions at the adult level. And it includes multiple prior convictions. You have been sentenced more than once to prison previously. You're aware of that.

It's concerning because you have not been law abiding for several years. You have not responded favorably to sanctions previously imposed by the adult court and you continue to commit crime over the years. There's at least one probation violation listed here.

Also, the Court listened to your statement here in court regarding remorse for these offenses. And the Court listened to your statement and your explanation here. These are four separate offenses, at least they were and now there's three, because the two counts in the one case merged. So you have one count in that case and then two counts of vandalism in the other. And there are victims that are involved here in these cases.

The Court's heard arguments by both sides. The Court finds that community control would demean the seriousness of the conduct in these cases and its impact upon the victims and would not adequately protect the public. Therefore, a sentence of imprisonment is comm[en]s[u]rate with the seriousness of the defendant's conduct and a prison sentence does not place an unnecessary burden on the State.

{¶16} In Case No. 2024 CR 00516, the trial court sentenced Appellant to 17 months in prison. In Case No. 2024 CR 00520, the trial court sentenced Appellant to 10 months in prison on each of the two counts. The trial court ordered the latter sentences to run concurrently to each other but consecutively to the sentence in Case No. 2024 CR 00516, for an aggregate prison term of 27 months. The trial court made the following consecutive-sentence findings:

The Court's decided that you shall serve prison terms consecutively, that's pursuant to Revised Code 2929.14 and that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that consecutive sentences will not be disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public.

The Court further finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant, based upon the Court's specific review of the defendant's past criminal convictions, having been to prison in the past and not been law abiding for some years.

{¶17} On February 26, 2025, the trial court filed the sentencing entries. The trial court's consecutive-sentence findings appear in the entry for Case No. 2024 CR 00520.

{¶18} On March 7, 2025, Appellant timely appealed both judgments. This Court sua sponte consolidated Appellant's appeals.

## Assignment of Error and Analysis

{¶19} Appellant raises the following assignment of error: "The trial court court's sentence must be reversed and remanded as contrary to law."

{¶20} Appellant argues that his sentence is contrary to law for three reasons. First, he argues that the trial court provided "a mere rote recitation of R.C. 2929.14(C)(4)" and did not "mention a single detail of [Appellant's] criminal history." Appellant cites *State v. Miller*, 2019-Ohio-2290 (11th Dist.), as purportedly being a case in which this Court found that the trial court's "detailed findings" satisfied R.C. 2929.12. Second, Appellant argues that "there is no indication in the record" that the trial court "paid any attention whatsoever to the details" of Appellant's or defense counsel's statements in mitigation, other than the court indicating that it listened to Appellant's statement. Third, Appellant argues that the trial court misstated R.C. 2929.14(C)(4) by finding that consecutive sentences are necessary to protect the public from future crime *and* to punish him

Case Nos. 2025-A-0010, 2025-A-0011

because the statute is worded in the alternative.  According to Appellant, the court's alleged misstatement "reflects an overemphasis on punishment" instead of "public protection."

{¶21}  Appellate review of felony sentences is governed by R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶22}  "Contrary to law" means "'in violation of statute or legal regulations at a given time.'"  *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990).  "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶23}  Appellant's arguments challenge the trial court's imposition of consecutive sentences.  "Ohio law presumes that a defendant convicted of multiple crimes will serve

his sentences concurrently." *State v. Glover*, 2024-Ohio-5195, ¶ 38; R.C. 2929.41(A). "A court may impose consecutive sentences only when some law specifically permits it to do so," and "R.C. 2929.14(C)(4) is one such law." *Glover* at ¶ 38.

> Under R.C. 2929.14(C), a court must engage in a three-step analysis before it may impose consecutive sentences. First, it must find that consecutive sentences are 'necessary to protect the public from future crime or to punish the offender.' *Id*. Second, the court must find that 'consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.' *Id*. Finally, the court must find 'any of the following':
>
>> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>>
>> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>>
>> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Glover* at ¶ 38, quoting R.C. 2929.14(C)(4).

{¶24} In this case, the trial court found subsection (c) to be applicable.

{¶25} The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus. Therefore, contrary to Appellant's assertions, the trial court was not required to make "detailed findings" regarding Appellant's criminal history or his

Case Nos. 2025-A-0010, 2025-A-0011

mitigation arguments. In addition, while Appellant references R.C. 2929.12, that statute applies only to individual sentences, not consecutive sentences. *State v. Gwynne*, 2019-Ohio-4761, ¶ 17 (plurality opinion).

{¶26} We also find no misstatement of the law in the trial court's finding that "consecutive sentences are necessary to protect the public from future crime *and* to punish the defendant." (Emphasis added.) Appellant is correct that R.C. 2929.14(C) is written in the alternative. However, the Supreme Court of Ohio has held that "a word-for-word recitation of the language of the statute is not required, . . . as long as the reviewing court can discern that the trial court engaged in the correct analysis . . . ." *Bonnell* at ¶ 29. The fact that the trial court found both circumstances to be applicable does not render Appellant's sentence contrary to law. Rather, the trial court made an additional finding that was not legally required.

{¶27} Finally, whether consecutive sentences in this case "reflect[] an overemphasis on punishment" instead of "public protection" is beyond our limited scope of review. R.C. 2953.08(G)(2) "does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court." *Glover*, 2024-Ohio-5195, at ¶ 44. "An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings." *Id*. "Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence." *Id*. As explained above, Appellant's sentence is not clearly and convincingly contrary to law, and he does not challenge the support in the record for the trial court's findings. Therefore, we have no legal basis to disturb Appellant's consecutive sentences.

{¶28} Accordingly, Appellant's sole assignment of error is without merit.

{¶29} For the foregoing reasons, the judgments of the Ashtabula County Court of Common Pleas are affirmed.


ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case Nos. 2025-A-0010, 2025-A-0011

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit. It is the judgment and order of this court that the judgments of the Ashtabula County Court of Common Pleas are affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2025-A-0010, 2025-A-0011